# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| EMILIO VIANO and VANESSA VIANO, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:19-cv-1272 |
| ) | |
| THD AT-HOME SERVICES, INC. ) | |
| d/b/a THE HOME DEPOT ) | |
| AT-HOME SERVICES, ) | |
|     Defendant. ) | |

## MEMORANDUM OPINION

This dispute between plaintiffs, homeowners residing in Arlington, Virginia, and defendant The Home Depot At-Home Services ("Home Depot") grows out of defendant's alleged statement regarding its competence and ability to do repair work on three flat roofs at plaintiffs' property. The Home Depot and its subcontractor ceased work on the property's roofs, claiming that replacing rotten roof decking was not part of the Contract. Thereafter, plaintiffs filed a six-count Complaint alleging causes of action for (i) breach of express contract, (ii) breach of express warranty, (iii) breach of implied warranty, (iv) actual fraud, (v) constructive fraud, and (vi) violation of the Virginia Consumer Protection Act.

At issue now is defendant's threshold partial Motion to Dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P. This motion seeks dismissal of plaintiffs' claim for actual fraud in the inducement to enter into the Contract. For the reasons that follow, defendant's partial Motion to Dismiss must be granted in part and denied in part. Specifically, defendant's alleged statement through its employee, Farr, that defendant Home Depot was trustworthy and maintained a good reputation with customers is an opinion that cannot form a basis for plaintiffs' actual fraud claim. By contrast, defendant's Motion to Dismiss fails with respect to Farr's alleged statements

1

concerning defendant's competence, ability, and service as a "one-stop shop," statements that were made in reference to plaintiffs' specific roof repair project after defendant's employee had inspected the roof.

## I.

As required by Rule 12(b)(6), Fed. R. Civ. P., plaintiffs' well-pleaded allegations, for purposes of resolving the motion to dismiss, are assumed to be true and all facts are viewed in the light most favorable to plaintiff. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The following factual allegations relevant to plaintiffs' actual fraud claim are derived from plaintiffs' Complaint and provisions from the contract, which was attached to the Complaint as an exhibit.

- John Farr, a sales consultant for defendant, inspected plaintiffs' home in Arlington, Virginia on October 22, 2016. Specifically, Farr inspected the garage area of the property. Farr also inspected the attic and crawl space of the property and took measurements of the three flat roofs of the property. Farr also observed a den/office area of the property that was showing obvious signs of water damage.

- After inspecting the property on October 22, 2016, Farr, defendant's sales consultant, represented to plaintiff Vanessa Viano that defendant would be plaintiffs' "one-stop shop" for the roofing work needed at the property.

- On December 22, 2016, Farr returned to plaintiffs' home and inspected the same areas he previously inspected on October 22, 2016. Farr also inspected various areas inside the property, including a closer inspection of the den/office area first inspected on October 22, 2016, which, again, showed obvious signs of water damage.

- Farr represented that defendant was competent and able to perform the work and that defendant was trustworthy and maintained a good reputation with customers.

- Farr knowingly and intentionally made these false statements without an intention to perform in accordance with the statements.

- On December 23, 2016, Farr returned to the property and, while at the property, the plaintiffs and Farr, acting on defendant's behalf, entered into a home improvement contract (the "Contract"), which provided for the repair and replacement of three roofs at the property.

2

- The Contract contained a Roofing Spec Sheet and an Insulation Spec Sheet setting forth the scope of work agreed to under the contract, which included the repair or replacement of three flat roofs at plaintiffs' home and the removal or replacement of insulation.

- The Spec Sheet contained an "Additional Charges" section, which stated that:

    If rotted or damaged wood is discovered AFTER removing the existing roofing, or could not be identified at the time of sale, there will be an additional charge of $59.00 per sheet of 4x8 sheathing and/or $5.00 per linear foot of dimensional lumber/fascia/planking.

- The Special Terms and Conditions of the Roofing Spec Sheet states that:

    The exact condition of your roof deck cannot be verified until we remove your existing shingles.

    If rotten or deteriorated wood is discovered AFTER removing your existing materials, additional charges will apply.

- Through the above Contract provisions, defendant knowingly and intentionally made false statements that it was willing to, and intended to, perform the Contract, including by replacing rotten or damaged wood.

- The Contract also provided that:

    The Home Depot reserves the right to issue a Change Order or terminate this Contract or any individual Product(s) included herein, at its discretion, if The Home Depot or its authorized service provider determines that it cannot perform its obligations due to a structural problem with the home, environmental hazards such as mold, asbestos or lead paint, other safety concerns, pricing errors or because work required to complete the job was not included in the Contract.

- The Contract further provided in a section entitled "Changes and Change Orders" that:

    Any changes to the work, including but not limited to changes necessitated by undisclosed, unidentified or unforeseen conditions on the site, are subject to a written Change Order ("Change Order") signed by Customer and the Home Depot and any additional products or services included in such Change Order will be paid for in full before any such change is made. The Home Depot or its authorized service provider will not attempt to remediate any such undisclosed, unidentified or unforeseen conditions and may immediately discontinue the installation or ask for a Change Order.

- Defendant hired a subcontractor, Pride Roofing LLC (the "Subcontractor"), to perform the roofing work. The Subcontractor began work on August 23, 2017.

3

- On August 24, 2017, Norris Paige, an Installation Services Manager for defendant, supervised the work at the property. When the Subcontractor observed rotten and damaged wood after removal of the property's old roofing, Paige stated that defendant would not replace the wood and that plaintiffs must find a carpenter to perform that work at plaintiffs' expense.

- On August 25, 2017, Paige made similar statements when removal of existing roofing revealed that another flat roof was in a similar condition.

- On August 25, 2017, defendant ceased work on the Contract at plaintiffs' home and never resumed work.

Plaintiffs filed their Complaint in the Circuit Court of Arlington County on August 16, 2019, and defendant was served with the complaint on September 4, 2019. (Dkt. 1, Ex. 1). On September 25, 2019, defendant filed an answer and demurrer. (Dkt. 1, Ex. 2). On October 4, 2019, defendant removed this action to the United States District Court for the Eastern District of Virginia on the basis of diversity jurisdiction. (Dkt. 1). Defendant's answer and demurrer has been construed and briefed as a partial Motion to Dismiss for failure to state a claim for actual fraud.

## II.

As the Supreme Court has made clear, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination the district court must "accept as true all well-pled facts in the complaint and construe them in the light most favorable to [the plaintiff]." *United States v. Triple Canopy, Inc.*, 775 F.3d 628, 632 n. 1 (4th Cir. 2015).

As relevant here, a plaintiff alleging fraud or mistake "must state with particularity the circumstances constituting fraud or mistake." Rule 9(b), Fed. R. Civ. P.; *see also McCauley v. Home Loan Inv. Bank, F.S.B.*, 710 F.3d 551, 559 (4th Cir. 2013) (stating that the circumstances that must be pled with particularity are "the time, place, and contents of the false representations,

as well as the identity of the person making the misrepresentation and what he obtained thereby"). But "malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Rule 9(b), Fed. R. Civ. P.

> The elements of actual fraud are well settled under Virginia law. A plaintiff advancing a cause of action for actual fraud bears the burden of proving by clear and convincing evidence: (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled.

*Bd. of Trustees, Sheet Metal Workers' Nat. Pension Fund v. Delaware Valley Sign Corp.*, 945 F. Supp. 2d 649, 656 (E.D. Va. 2013) (quoting *Evaluation Research Corp. v. Alequin*, 247 Va. 143, 148 (1994)).

Defendant's partial Motion to Dismiss contends that plaintiffs failed to state an actual fraud claim based on the following two statements: (1) Farr's statement that Home Depot was competent and able to perform the work and that it was trustworthy and maintained a good reputation with customers; and (2) Farr's statement that Home Depot would serve as plaintiffs' one-stop shop for the project. Although defendant contends that plaintiffs' actual fraud claim is only based on Farr's statements, *see* Defendant's Reply at 1, plaintiffs also allege fraud in the inducement based on the Contract's provisions representing that defendant was willing to, and intended to, replace rotten or damaged wood. *See* Complaint ¶ 67. Because the Complaint makes unmistakably clear that the Contract establishes additional charges for the replacement of rotten or damaged wood of "$59.00 per sheet of 4x8 sheathing and/or $5.00 per linear foot of dimensional lumber/fascia/planking," plaintiffs may rely on this Contract provision as a basis for their actual fraud claim.

Defendant argues that (i) Farr's statements are non-actionable opinions; (ii) Farr's statements are non-actionable statements regarding future events; (iii) plaintiffs have failed to

5

plead actual fraud with the particularity required by Rule 9(b), Fed. R. Civ. P.; and (iv) plaintiffs have failed to plead reasonable reliance. Defendant successfully argues that the portion of Farr's statement describing defendant's trustworthiness and good reputation among its customers is a non-actionable opinion, but defendant's other dismissal arguments are unavailing. Each argument is addressed in turn below.

First, defendant argues that Farr's statements are opinions, not statements of fact. Neither party disputes the settled principle under Virginia law that "expressions of opinion cannot form the basis of an action for fraud." *Tate v. Colony House Builders, Inc.*, 257 Va. 78, 82 (1999); *see also id.* at 84 (holding that statement that "the design and construction [of the dwelling were] of the highest quality" was not actionable because "[c]ommendatory statements, trade talk, or puffing do not constitute fraud"). But, as plaintiffs emphasize, the Supreme Court of Virginia has observed that there is no "bright line test to ascertain whether false representations constitute matters of opinion or statements of fact." *Mortarino v. Consultant Eng'g Servs., Inc.*, 251 Va. 289, 293–94 (1996) (listing as factors to be considered "[t]he relative knowledge of the parties dealing, their intentions and all of the surrounding circumstances, which can only be gathered from the evidence"). In this regard, plaintiffs contend that Farr's statements must be considered in the context of the alleged surrounding circumstances, namely Farr's October 22, 2016 and December 22, 2016 inspections of the areas of plaintiffs' property requiring repair and displaying obvious signs of water damage.

In light of Farr's preliminary inspection of the areas requiring roof repair at plaintiffs' property, a clear difference emerges between Farr's statements' regarding plaintiffs' roof repair project and Farr's remarks regarding defendant's trustworthiness and good reputation among its customers. Farr's statements regarding defendant's competence, ability to perform, and ability to

6

serve as a "one-stop shop" for plaintiffs' roof repair project are factual representations because Farr made those statements about defendant's abilities with knowledge of the plaintiffs' specific roof repair needs. *See Mortarino*, 251 Va. at 294 (holding that representations in investigator's report that the investigator "finds nothing to indicate that wetlands are present" on "the vast majority of the property" were factual statements, not opinions).

As plaintiffs sensibly concede, the phrase "one-stop shop" may constitute puffery under other circumstances. *See* Plaintiffs' Memorandum in Opposition at 7. Here, however, Farr's statement that defendant could serve as plaintiffs' "one-stop shop" after inspecting plaintiffs' property communicates an ability to complete all aspects of plaintiffs' roof repair project. The Northern District of California's decision in *In re Intrexon Corporation Securities Litigation*, No. 16-cv-2398-RS, 2017 WL 732952 (N.D. Cal. Feb. 24, 2017), cited by defendant in its Reply, illustrates the importance of context to the interpretation of a phrase such as "one-stop shop." In that case, a putative securities fraud class action suit, a statement that "Intrexon has built, acquired and integrated a suite of technologies creating a one-stop-shop for start-to-finish conceptualization, engineering, and production of bio-based solutions" was held to be an opinion. *Id.* at *3. But unlike the "vague, general statements of optimism" regarding Intrexon being a "one-stop-shop for . . . bio-based solutions," Farr's alleged statement conveys a definite factual connotation because it connects defendant's ability to serve as a one-stop shop to plaintiffs' specific roof repair project. *See id.*; *Mortarino*, 251 Va. at 294 (holding that statements regarding presence of wetlands on property were factual representations).

On the other hand, Farr's remarks regarding defendant's trustworthiness and good reputation among customers are mere "[c]ommendatory statements, trade talk, or puffing." *See Tate*, 257 Va. at 84 (rejecting fraud claim based on representation that house was of "highest

7

quality"). These statements about others' positive perception of defendant's services concern matters of opinion, not definite fact. *See Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 713 (2001) (holding that statement that vehicle was in "excellent" condition was salesman's opinion given in response to question about whether previous damage to vehicle was "serious").

The Supreme Court of Virginia's decision in *Yuzefovsky v. St. John's Wood Apartments*, 261 Va. 97 (2001), confirms the result reached here. There, a lessor's agents made a false representation when they told a potential lessee who "expressed concern for his personal security" that a development "was crime-free, that police officers lived there, and that police vehicles patrolled the development." *Id.* at 111. In holding that the lessor's agents' statements were factual in nature, the Supreme Court of Virginia distinguished between statements "volunteered as part of a 'sales pitch' to every potential tenant," which would be opinions, and the agents' specific statements made in response to an "expressed concern," which were factual in nature. *Id.* The same principle, applied here, distinguishes Farr's general sales pitch regarding defendant's trustworthiness and good reputation with customers from Farr's representations based on his inspection that pertain to defendant's ability to complete plaintiffs' roof repair project; only Farr's specific statements regarding defendant's ability to fix plaintiffs' roofs were factual in nature. *See id.*

Second, defendant argues that Farr's statements made in reference to plaintiffs' roof repair project regarding defendant's competence, ability, and service as a "one-stop shop" were statements about future events, not statements of present fact. To be sure, under Virginia law, "'fraud must relate to a present or pre-existing fact and cannot ordinarily be predicated on unfulfilled promises or statements as to future events.'" *Colonial Ford Truck Sales, Inc. v. Schneider*, 228 Va. 671, 677 (1985) (quoting *Soble v. Herman*, 175 Va. 489, 500 (1940)). But a

8

promisor who makes a promise without an intent to perform on that promise makes "a misrepresentation of *present* fact, and if made to induce the promisee to act to his detriment, [that promise] is actionable as an actual fraud." *Colonial Ford Truck Sales, Inc.*, 228 Va. at 677 (holding that plaintiff stated actual fraud claim where defendant allegedly made false promises that defendant would pay for goods supplied to corporate customer, plaintiff "would not lose a penny," and defendant would be personally involved in corporate customer's operation); *see also Supervalu, Inc. v. Johnson*, 276 Va. 356, 367–68 (2008) (recognizing that promises made while intending not to perform may be actionable as actual fraud). By alleging that Farr knowingly and intentionally made false statements and did not intend to perform in accordance with those statements, plaintiffs assert a misrepresentation of present fact regarding Farr's intention. *See id.* (explaining that "the promisor's intention—his state of mind—is a matter of fact"). Plaintiffs further contend that Farr's statements induced plaintiffs to take an action to their detriment, namely entering into the Contract on December 23, 2016. At the threshold, plaintiffs' allegations regarding defendant's misrepresentation of its present intention to perform plaintiffs' roof repair project satisfy Virginia's law requirement that fraud must relate to a false representation of present fact. *See id.*

In the course of oral argument, defendant noted that three of the Contract's provisions[1]

---

[1] First, the Contract provides that "The exact condition of your roof deck cannot be verified until we remove your existing shingles." Plaintiffs' Complaint, Exhibit 1. Second, the Contract provides that defendant Home Depot "reserves the right to issue a Change Order or terminate this Contract or any individual Product(s) included herein, at its discretion, if The Home Depot or its authorized service provider determines that it cannot perform its obligations due to a structural problem with the home . . . ." *Id.* Third, the Contract provides that:

> Any changes to the work, including but not limited to changes necessitated by undisclosed, unidentified or unforeseen conditions on the site, are subject to a written Change Order ("Change Order") signed by Customer and the Home Depot and any additional products or services included in such Change Order will be paid for in full before any such change is made. The Home Depot or its authorized service provider will not attempt to remediate any such undisclosed, unidentified or unforeseen conditions and may immediately discontinue the installation or ask for a Change Order.

*Id.*

9

show that Farr's statements about defendant Home Depot's competence, ability, and service as a "one-stop shop" for plaintiffs' roof repair project were, at best, unfulfilled promises. *See Lloyd v. Smith*, 150 Va. 132, 145 (1928) (warning that if fraud could be predicated on unfulfilled promises, "every breach of contract could be made the basis of an action in tort for fraud"). According to defendant, the Contract's provisions show that Farr's representations regarding defendant's competence, ability to perform the project, and service as plaintiffs' "one-stop shop" were statements about future events because defendant Home Depot could not yet determine its ability to perform the project without learning more about plaintiffs' property's condition.

The Contract provisions cited by defendant do not defeat plaintiffs' fraud in the inducement claim. As the Supreme Court of Virginia has made clear, a claim for actual fraud does not lie where the parties' contract is the sole source of any duty breached. *See Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 559 (1998) (rejecting actual fraud claim based on misrepresentations and concealment regarding actions taken to construct baseball stadium that "related to a duty or an obligation that was specifically required by the Design-Build Contract"). But importantly, this principle does not bar a claim for fraud in the inducement such as plaintiffs' claim here. *See id.* at 560 ("The present case is not one of fraud in the inducement."). Plaintiffs have adequately alleged that Farr knowingly and intentionally made misrepresentations regarding defendant's ability to complete plaintiffs' roof repair project without an intent to perform to induce plaintiffs to enter the Contract. *See Colonial Ford Truck Sales, Inc.*, 228 Va. at 677. Moreover, plaintiffs alleged fraud in the inducement to enter the Contract based on the Contract's other provisions establishing a price for replacement of rotten or damaged wood. *See* Complaint ¶ 67. Accordingly, the Contract provisions cited by defendant do not negate plaintiffs' fraud in the inducement claim premised defendant's misrepresentations

regarding its intent to perform through Farr's alleged statements and the Contract's provisions establishing a price for the replacement of rotten wood.

Third, defendant argues that plaintiffs' Complaint fails to satisfy Rule 9(b)'s particularity requirement. Contrary to defendant's argument, plaintiffs' Complaint satisfies Rule 9(b)'s particularity requirements by alleging "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *See McCauley*, 710 F.3d at 559. Specifically, plaintiffs pleaded that on October 22, 2016, Farr came to plaintiffs' property and told plaintiff Vanessa Viano that defendant would be plaintiffs' "one-stop shop" for their roof repair project. Plaintiffs further allege that during Farr's visits to the property on October 22, 2016, December 22, 2016, and December 23, 2016, Farr stated that defendant was competent and able to perform plaintiffs' roof repair project. According to plaintiffs, these misrepresentations induced plaintiffs to enter the Contract on December 23, 2016. And, as permitted by Rule 9(b), Fed. R. Civ. P., plaintiffs generally allege that Farr knowingly and intentionally made these false statements and did so with no intention to perform in accordance with those statements. Accordingly, plaintiffs' actual fraud claim satisfies Rule 9(b), Fed. R. Civ. P., by making particular allegations regarding the fraud's circumstances and general allegations regarding defendant's intent and knowledge.

Finally, in its Reply brief, defendant argues that plaintiffs failed to plead reasonable reliance on Farr's statements. To prove reliance, a plaintiff not only must show action to the plaintiff's detriment in response to the defendant's false representation, but also "must demonstrate that its reliance upon the representation was reasonable and justified." *Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 629 (4th Cir. 1999); *Metrocall of Delaware, Inc. v. Continental Cellular Corp.*, 246 Va. 365, 374 (1993) (same). Here, plaintiffs' Complaint

plausibly alleges that plaintiffs took detrimental action in reliance on Farr's statements, namely entering into the Contract, based on defendant's status as "the supposed expert in its field" and Farr's statements regarding defendant's competence, ability, and service as a "one-stop shop." Plaintiffs' Complaint ¶ 72. Accordingly, plaintiffs have adequately pleaded reasonable reliance.

III.

In summary, defendant's partial Motion to Dismiss must be granted only insofar as Farr's statements that defendant is trustworthy and maintains a good reputation with customers are opinions that cannot form a basis for plaintiffs' actual fraud claim. Defendant's partial Motion to Dismiss plaintiffs' actual fraud claim must be denied in all other respects.

An appropriate Order will issue separately.

The Clerk is directed to send a copy of this Memorandum Opinion to all counsel of record.

Alexandria, Virginia
April 9, 2020

T. S. Ellis, III
United States District Judge